YATES, Presiding Judge,
concurring in the result in part and dissenting in part.
I agree with the.main opinion that the case should be remanded to the probate court because J.N.F. attempted to contest the adoption. However, I believe the probate court should address whether J.N.F. was the “presumed” father before addressing his challenge to the adoption as a “putative” father. Although J.N.F. does not specifically contend that he is the child’s “presumed” father under § 26-10A-7(a)(3), Ala.Code 1975, there is a question of fact as to whether J.N.F., “regardless of paternity,” “received the adop-tee into his home and openly held out the adoptee as his own child.” See also § 26-17 — 5(a)(4) of the Alabama Uniform Parentage Act.[4] Consent of the adoptee’s presumed father is necessary. There is evidence in the record indicating that J.N.F., the mother, and the child lived with the paternal grandmother for a short period. *586 J.N.F. and the paternal grandmother paid medical bills and day-care expenses for the child. Also, on a medical-information sheet the mother provided to the child’s doctor, the mother acknowledged that J.N.F. was the father. I would remand the case for the probate court to determine whether the evidence would be sufficient to support a finding that J.N.F. was the presumed father under § 26-10A-7(a)(3)(d). If there is sufficient evidence to support such a finding, then the probate court should address whether he impliedly consented to the adoption under § 26-10A-9. If the probate court does not find that J.N.F. is the presumed father, then the court should address the adoption contest in terms of J.N.F’s status as a putative father.
CRAWLEY, J., concurs.

. A man is presumed to be the natural father of the child if "[w]hile the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child.”